IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00363-CR

 

Jason Delaney Blackburn,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2008-406-C2

 



MEMORANDUM  Opinion










 

            Jason Delaney Blackburn pled guilty to
possession with the intent to deliver methamphetamine in an amount greater than
4 grams but less than 200 grams.  Tex.
Health & Safety Code Ann. § 481.112 (d) (Vernon 2010).  He was
sentenced to 12 years in prison.  The trial court gave Blackburn permission to
appeal its denial of Blackburn’s motion to suppress.  We affirm.

            In his sole issue, Blackburn contends
that the trial court erring in finding that the search of the interior of
Blackburn’s vehicle was justified under the theory of a necessary protective
sweep, thus denying Blackburn’s motion to suppress.  

            In reviewing a motion to suppress, we
review de novo a trial court's application of law to the facts, but we defer to
the trial court on determinations of credibility and historical fact.  Hubert
v. State, 312 S.W.3d 554, 2010 Tex. Crim. App. LEXIS 636, *8 (Tex. Crim. App. 2010).  If, as in this case, a trial court does not enter findings of fact,
we must view the evidence in a light most favorable to the trial court's
rulings and assume that the trial court resolved any issues of historical fact
or credibility consistently with its ultimate ruling.  Id.

            A protective sweep of the passenger
compartment of an automobile is limited to those areas in which a weapon may be
placed or hidden.  Michigan v. Long, 463 U.S. 1032, 1049, 103 S. Ct.
3469, 77 L. Ed. 2d 1201 (1983).  The officer must have a reasonable suspicion,
based on specific and articulable facts, that his safety or the safety of
others is in danger before he may conduct a limited search for weapons. See
id; Carmouche v. State, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000). 
A court looks to whether a reasonably prudent officer in the same circumstances
would be warranted in believing that his safety or the safety of others is in
danger.  Long, 463 U.S. at 1050-51.  Further, the subjective beliefs of
the officer performing the search are not determinative.  See O'Hara v.
State, 27 S.W.3d 548, 551 (Tex. Crim. App. 2000).

            Officer Jeremiah Beavers testified at
the hearing on Blackburn’s motion to suppress that he stopped Blackburn for
speeding at about midnight.  While in the process of stopping Blackburn’s
vehicle, Beavers saw movement inside the vehicle that caused him concern.  To
Beavers, it looked like Blackburn reached under the seat as if he was putting
something underneath the seat; and when he did, the vehicle swerved to the
side.  Beavers thought Blackburn was trying to hide something like a gun
underneath the seat.  

            When Beavers made contact with
Blackburn, Blackburn appeared a little nervous.  Beavers went back to his
patrol car and requested a back-up unit because he was afraid that Blackburn might have a weapon in the vehicle, concealed underneath the seat.  Beavers did
not want to get Blackburn out of the vehicle and check if a weapon was in the
vehicle without another officer present.  Once the back-up arrived, Beavers
approached Blackburn again and had him step out of his vehicle.  Beavers asked
if there were any weapons or drugs in the vehicle.  Blackburn responded that he
had a Gerber knife on the passenger seat.  When Beavers looked in the vehicle,
he found the mentioned knife.  Beavers also looked under the seat for a
weapon.  He then checked in the center console for a weapon and found a gun
holster and some drug paraphernalia.  Beavers also found another knife that Blackburn had not mentioned.

            Beavers then placed Blackburn in
handcuffs to make sure that if Blackburn had a weapon on him or in his vehicle,
he could not hurt anyone with it.  For safety reasons, Beavers felt it was
necessary to do a protective sweep of the vehicle within Blackburn’s reach
where Blackburn could have placed a weapon.  

            Blackburn argues on appeal that
Beavers’s testimony is not enough and that he acted inconsistently with being
in fear for his safety.  After reviewing the record, we find the trial court
did not err in determining that the officer had a reasonable suspicion, based
on specific and articulable facts, that his safety or the safety of others was
in danger.  Further, Beavers’s actions are not determinative of whether a
reasonably prudent officer in the same circumstances would be warranted in
believing that his safety or the safety of others is in danger.  Accordingly,
the trial court did not err in denying the motion to suppress.

            Blackburn’s sole issue is overruled,
and the trial court’s judgment is affirmed.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed September 1, 2010

Do
not publish 

[CR25]






font-size: 12pt"> Randle knowingly and voluntarily entered his plea
of guilty and waived any error concerning the timeliness of the notice which occurred prior to the
entry of his plea. Issue one is overruled.


 
      We leave Randle’s second issue for a habeas corpus proceeding, where the record can be
developed on any claim of ineffective assistance of counsel he might assert.
      The judgment is affirmed.
 
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed 
Opinion delivered and filed March 3, 1999
Do not publish